[No. S013386. July 10, 1990.]

In re MILTON CHARLES GRIMES on Suspension.

**COUNSEL**

Milton Charles Grimes, in pro. per., and Bryant K. Calloway for Petitioner.

Diane C. Yu, Richard J. Zanassi and Lawrence C. Yee for Respondent.

**OPINION**

**THE COURT.*—**Milton Charles Grimes, admitted to to practice in 1974, pled guilty in 1988 to three counts of willfully failing to file a tax return. (Rev. & Tax. Code, § 19401.) We referred the matter to the State Bar for a hearing, report and recommendation on the question whether the facts and circumstances surrounding his offenses involved moral turpitude or other misconduct warranting discipline and, if so found, what discipline should be imposed.

The State Bar's report has now been filed. The review department concluded that his misconduct did not involve moral turpitude but did warrant discipline. It was wilful within the meaning of Business and Professions Code section 6103 and constituted a violation of his oath and duties as an attorney (Bus. & Prof. Code, § 6068) as well as former rule 8-101, Rules of Professional Conduct. The review department recommended that he be suspended for two years, that the order of suspension be stayed, and that he be placed on probation for two years on conditions including sixty days' actual suspension. It is further recommended that he take and pass the Professional Responsibility Examination.

Grimes has filed written objections but he did not request oral argument. (See rule 951(d), Cal. Rules of Court.) ■ This court, after reviewing the entire record and considering all the facts and circumstances, has concluded that Grimes's conduct did not involve moral turpitude but did involve other

*Mosk, J., and Broussard, J., are of the opinion that the attorney should be publicly reproved.

misconduct warranting discipline and that he should be disciplined in accordance with the State Bar's recommendation.

It is ordered that Milton Charles Grimes be suspended from the practice of law for a period of two years, that the order of suspension be stayed, and that he be placed on probation for two years upon conditions including sixty days' actual suspension, and that he comply with the other conditions of probation adopted by the review department at its May 18, 1989, meeting. It is further ordered that he take and pass the Professional Responsibility Examination within one year after the effective date of this order. (See *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929]. This order is effective upon finality of this decision in this court. (See Cal. Rules of Court, rule 24(a).)

Petitioner's application for a rehearing was denied September 13, 1990.